**In re Charles Stanley BONK, a witness before the special March 1974 Grand Jury, Respondent-Appellant.**

No. 75–1925.

United States Court of Appeals, Seventh Circuit.

Heard and Decided Oct. 29, 1975.

Opinion Released Nov. 21, 1975.

Stay Denied Nov. 11, 1975. See 96 S.Ct. 350.

---

Thomas A. Foran, Chicago, Ill., for respondent-appellant.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for appellee.

Before CUMMINGS, STEVENS and TONE, Circuit Judges.

CUMMINGS, Circuit Judge.

In February 1975 a 17-count indictment was returned against respondent by the Special March 1974 Grand Jury after he refused to testify before that body, relying on his privilege against self-incrimination. Twelve counts of the indictment alleged that respondent, who was a member of the Cook County Board of Commissioners and chairman of its Zoning Committee, extorted payments from two lawyers with respect to zoning changes, in violation of the Hobbs Act (18 U.S.C. § 1951). The remaining five counts charged respondent with filing false income tax returns in violation of 26 U.S.C. § 7206(1). The extortion charges occurred between December 1968 and November 1972, and the income tax charges related to the calendar years 1968 through 1972. On June 6, 1975, after a jury trial at which he did not take the stand, respondent was acquitted of all 17 counts.

During Bonk's trial the Grand Jury that indicted him continued its investigation into official corruption with respect to the Cook County Board of Commissioners. Prior to his trial, Bonk was advised by the Government that it would again seek to obtain his testimony before the Grand Jury whether or not he was acquitted.

Pursuant to subpoena, Bonk appeared before the Grand Jury on July 24, 1975,

and refused to answer any questions because of his Fifth Amendment privilege against self-incrimination. Therefore, on August 1, 1975, acting under 18 U.S.C. §§ 6002 and 6003,[1] the Government petitioned for an immunity grant for respondent. After considering briefs and oral argument, the district court filed a memorandum opinion and order on September 22, 1975, overruling Bonk's objections to the immunity petition, granting the immunity order requested by the Government and compelling him to testify.

On September 24, 1975, Bonk appeared before the Grand Jury and answered 81 questions put to him but declined to answer nine questions on the ground that they concerned transactions covered by the indictment and for which he had been found not guilty. For purposes of this appeal, the Government and Bonk agree that the nine questions involved matters for which he had been acquitted.

On September 29, 1975, pursuant to 28 U.S.C. § 1826,[2] the Government petitioned the district court to order Bonk's confinement for refusal to comply with the court's previous order compelling his testimony before the Grand Jury. After a lengthy hearing, he was held in civil contempt and ordered confined for refusal to answer the aforesaid nine questions. While on bond, Bonk appealed

1. 18 U.S.C. § 6002 provides:

"Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

(2) an agency of the United States, or

(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House, and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."

18 U.S.C. § 6003 provides:

"(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

"(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination."

2. 28 U.S.C. § 1826 provides:

"(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

"(b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal."

from the order of confinement on October 2, 1975. After considering briefs and hearing argument, we entered an order of affirmance on October 29, 1975, in time to comply with the 30-day appeal period provided in 28 U.S.C. § 1826(b).[3] Our reasons for affirmance follow:

## I

 It is well settled that every citizen has a duty to testify before a grand jury and cannot avoid a subpoena on the ground that his testimony might be embarrassing or cause economic or social injury. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561. Of course, a grand jury witness may refuse to answer questions violating his privilege against self-incrimination unless he is granted immunity coextensive with that privilege. *United States v. Calandra, supra,* 414 U.S. at 346, 94 S.Ct. 613; *Kastigar v. United States,* 406 U.S. 441, 448, 92 S.Ct. 1653, 32 L.Ed.2d 212. In view of these principles, Congress enacted Title II of the Organized Crime Control Act of 1970 (18 U.S.C. § 6001 *et seq.*) authorizing the Attorney General or his delegate to seek immunity for a grand jury witness when he decides in the public interest that "full disclosure * * * by the witness is of greater importance than the possibility of punishing [him] for some crime in the past." *McCarthy v. Arndstein,* 266 U.S. 34, 42, 45 S.Ct. 16, 17, 69 L.Ed. 158. Once immunity is conferred, the witness must testify. If he refuses, the court may hold him in civil contempt and order his confinement for up to eighteen months or the term of the grand jury. 18 U.S.C. § 1826 (note 2 *supra*). This case involves the construction and constitutionality of this statutory scheme.

 Bonk initially contends that the statute does not authorize a grant of immunity to an acquitted defendant to require his testimony about events at issue in his criminal trial. However, neither the statutory language (note 1 *supra*) nor its legislative history supports his contention. To the contrary, Sections 6002 and 6003 apply to "a witness," "the witness" and "any individual." Likewise, the legislative history shows that immunization is to apply to anyone with information about a crime. Hearings on H.R. 11157 and H.R. 12041 before Subcommittee No. 3 of House Committee on the Judiciary, 91st Cong., 1st Sess. 40–43 (1970). See *In re Liddy,* 165 U.S.App. D.C. 254, 506 F.2d 1293 (1974; *en banc*); *Goldberg v. United States,* 472 F.2d 513 (2d Cir. 1973). Excluding even an acquitted defendant from the ambit of the immunity statute would undercut a primary function of witness immunity: compelling persons suspected of knowledge of criminal activity to yield information that will aid the grand jury in its investigation of such activity. The Supreme Court noted this purpose in *Kastigar, supra,* 406 U.S. at 446, 92 S.Ct. at 1657:

> "The existence of [immunity] statutes reflects the importance of testimony, and the fact that many offenses are of such a character that the only persons capable of giving useful testimony are those implicated in the crime."

 Bonk next contends that the grant of immunity in this case is not coextensive with his privilege against self-incrimination. Any general attack on the constitutionality of the statute is foreclosed by the Supreme Court's decision in *Kastigar v. United States, supra,* holding that the immunity provided by 18 U.S.C. § 6002 is coextensive with the Fifth Amendment privilege.[4] As the

---

**3.** Also on October 29, we granted Bonk a stay of our mandate until November 3, 1975, when the 30-day statutory period for disposing of appeals of this kind lapsed, so that he could seek a stay from the Supreme Court. We extended our stay until November 10th because Justice Marshall referred Bonk's application

for a Supreme Court stay to the full Court. That Court denied a stay on November 11th.

**4.** *Burdick v. United States,* 236 U.S. 79, 35 S.Ct. 267, 59 L.Ed. 476, does not support respondent, for it involved a presidential pardon rather than an immunity grant. The Court

Court there stated (406 U.S. at 462, 92 S.Ct. at 1666):

> "We conclude that the immunity provided by 18 U.S.C. § 6002 leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. The immunity therefore is coextensive with the privilege and suffices to supplant it."

■ The nub of Bonk's complaint is that in this case he was ordered to testify about illegal events before a grand jury which believes he was involved in them. A petit jury, however, found him not guilty. Therefore he contends that if he denies the transactions, testifying consistently with his acquittal, he will be subjected to a possible perjury prosecution. Admittedly, under the grant of immunity, the Government cannot use Bonk's subsequent grand jury testimony as a basis for future prosecutions against him unless he should perjure himself. However, the Fifth Amendment does not protect perjury;[5] it is therefore permissible for Congress to except that offense from the scope of the immunity afforded by 18 U.S.C. § 6002. *United States v. Tramunti,* 500 F.2d 1334, 1342–1343 (2d Cir. 1974), certiorari denied, 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673, see *United States v. Bryan,* 339 U.S. 323, 338, 70 S.Ct. 724, 94 L.Ed. 884; *Glickstein v. United States,* 222 U.S. 139, 142, 32 S.Ct. 71, 56 L.Ed. 128.

■ Further, it is premature for Bonk to claim that his testimony before the grand jury will lead to a prosecution for perjury. Bonk can presumably avoid a perjury indictment by answering these nine questions truthfully, whether or not his answers are consistent with the June 1975 acquittal verdict. *Kronick v. United States,* 343 F.2d 436, 441 (9th Cir. 1965). As the Government conceded at the oral argument, the doctrine of collateral estoppel would adequately prevent a successful perjury prosecution of Bonk if the ultimate facts involved in the perjury case had been determined at his prior trial.[6] See *United States v. Nash,* 447 F.2d 1382 (4th Cir. 1970). Therefore, we cannot accept Bonk's argument that compelling these answers will assuredly violate his constitutional right against self-incrimination.

■ In effect, Bonk's argument that he cannot be questioned by a grand jury about crimes of which he has been acquitted is a request that we establish a new exception to the rule that every citizen has a duty to testify. *United States v. Calandra, supra,* 414 U.S. at 345, 94 S.Ct. 613. Bonk concedes that he does not come within any of the established exceptions. See *Kastigar v. United States, supra,* 406 U.S. at 444, 92 S.Ct. 1653; *Blair v. United States,* 250 U.S. 273, 281, 39 S.Ct. 468, 63 L.Ed. 979; 8 Wigmore on Evidence, §§ 2192, 2197. We perceive no ground for creating a new exception in this case. See *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039.

■■ Bonk also contends that he cannot be compelled to testify before a biased grand jury. As evidence of bias, he cites the prior indictment and claims that this same grand jury will be predisposed to disbelieve him if he testifies consistently with his acquittal. Even assuming that Bonk, as a witness, has a right to be questioned only by an impartial grand jury,[7] we do not believe that

---

recognized the difference in the two, noting that a pardon carries an imputation of guilt while legislative immunity has no such connotation (at 94, 35 S.Ct. 267).

**5.** Bonk concedes that the Fifth Amendment "only protects 'truthful' answers as distinguished from perjurious answers * * * as to a witness who testifies" (reply br. 4). See

*Kronick v. United States,* 343 F.2d 436, 441 (9th Cir. 1965).

**6.** Bonk admits that under the general rule, collateral estoppel, *res judicata* and double jeopardy are raised "incident to a second prosecution or litigation" (reply br. 7).

**7.** See *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397; *Pierre v. Louisi-*

in this case Bonk has met the burden of showing the "essential unfairness" of the body. *Beck v. Washington,* 369 U.S. 541, 558, 82 S.Ct. 955, 8 L.Ed.2d 98. The fact of a prior indictment by the same grand jury is not conclusive. See *Estes v. United States,* 335 F.2d 609 (5th Cir. 1964), certiorari denied, 379 U.S. 964, 85 S.Ct. 656, 13 L.Ed.2d 559. Second, grand jurors sit to accuse, not convict. The grand jury need find only probable cause that the accused committed the criminal act; the petit jury must be convinced beyond a reasonable doubt. See *United States v. Calandra, supra,* 414 U.S. at 343, 94 S.Ct. 613. We believe that grand jurors are aware of the difference. Hence Bonk is in the position of any other witness. Grand jurors regularly weigh conflicting testimony, so that any such testimony coming from Bonk does not excuse him from giving it.

 In his last challenge to the order to testify Bonk asserts that the Government's conduct in the case violates due process. Requiring a witness to testify with immunity before a grand jury cannot be deemed so vindictive as to amount to a lack of due process, for it need not lead to punishment nor another indictment. *Kastigar v. United States, supra.* Here Bonk had been forewarned that he would be called before the grand jury after his trial, and the questions put to him were connected with the investigation then in progress. We cannot presume that he will answer them consistently with the jury verdict. Furthermore, the courts should not review the decision of the prosecutor that a defendant's grand jury testimony has become "necessary to the public interest" within the meaning of 18 U.S.C. § 6003. See *Ullmann v. United States,* 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511; *In re Kilgo,* 484 F.2d 1215, 1218–1219 (4th Cir. 1973). Respondent has not shown a violation of due process.

## II

 Even if he can be compelled to testify, Bonk challenges the propriety of the contempt citation in this case. He first argues that the contempt order entered by the court below violated the double jeopardy clause of the Fifth Amendment. However, in view of the immunity afforded, Bonk cannot be and is not being tried a second time for the same offense. Double jeopardy embraces the doctrines of *res judicata* (*Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199; *Howard v. United States,* 372 F.2d 294, 297 (9th Cir. 1967), certiorari denied, 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356) and collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 442, 90 S.Ct. 1189, 25 L.Ed.2d 469; *United States v. Nash,* 447 F.2d 1382, 1384 (4th Cir. 1971). Not only is the Government barred from retrying the defendant on the same charge (*Benton v. Maryland,* 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707), but it is also prohibited from relitigating in another proceeding issues of fact necessarily resolved by the first jury. *Harris v. Washington,* 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212. Bonk's refusal to testify violates 28 U.S.C. § 1826 (note 2 *supra*) rather than the criminal provisions involved in his trial. Nor are the issues identical. His guilt or innocence as to the charges in the indictment are not a grand jury issue. Rather, the question is whether he violated a valid order of the court. Since the charges in the two proceedings differ and the issues litigated before are not being retried, *res judicata,* collateral estoppel and double jeopardy are not a bar. See *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122.

 We cannot accept Bonk's claim that the district judge denied him time to prepare his defense to the order for confinement under 28 U.S.C. § 1826

---

ana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757; *United States v. Polizzi,* 500 F.2d 856, 887–888 (9th Cir. 1974), certiorari denied, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820; *Gorin v.*

*United States,* 313 F.2d 641 (1st Cir. 1963), certiorari denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052.

and that he was denied a hearing prior to being held in contempt. The test is whether Bonk had an adequate opportunity to raise his claims and have them determined by the court. *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S.Ct. 158, 100 L.Ed. 83. Because he declined to answer any grand jury questions on July 24, 1975, the Government sought an immunity order on August 1st. Subsequently, the district court granted Bonk sufficient time to file his opening and reply briefs. The court's memorandum opinion of September 22 and its discussions with counsel on that and the next two days told Bonk that he should test the immunity grant by appearing before the Grand Jury and refusing to comply with the court's order before being held in contempt. Bonk's refusal to answer the nine critical questions occurred on September 24th, and he was not brought before the district court under 18 U.S.C. § 1826 until five days later. Thus in all, he had in excess of two months to prepare his defense. On September 29th, the district judge granted ample time for defense counsel to argue against a contempt holding. It is clear that the court below granted him an adequate period to prepare his defense and accorded him a sufficient hearing before finding him in contempt. Cf. *Michel v. Louisiana, supra.*

Bonk's final claim of error is that the district court denied him access to certain material documents. On September 29th, Bonk filed a motion to produce the United States Attorney's request to the Attorney General to approve the immunity petition, testimony by Assistant Attorney General Thornberg with respect to that request and the approval of the immunity petition, grand jury minutes and other documents with respect to extortion by the Zoning Committee of the Cook County Board of Commissioners, and the Jencks Act material produced at Bonk's trial. Not only was the motion tardy, but it was properly denied on the merits. Since the statutory procedure with respect to the grant of immunity had been followed, Bonk was not entitled to go behind the decision to grant immunity. *In re Kilgo, supra,* 484 F.2d at 1219; *United States v. Ullmann, supra.* As to the other documents sought, the prosecutor had advised Bonk of the scope of the grand jury's investigation and he had been previously tendered the Jencks Act material. Consequently, the motion to produce was properly denied.

The judgment of contempt against Bonk under 28 U.S.C. § 1826 is affirmed.