**In re GRAND JURY.**

No. 88–1575.

United States Court of Appeals,
First Circuit.

Submitted July 6, 1988.
Decided July 8, 1988.

Barry P. Wilson, Boston, Mass., on brief, for appellant.

Gregg L. Sullivan, Sp. Atty., U.S. Dept. of Justice, Frank L. McNamara, Jr., U.S. Atty., Jeremiah T. O'Sullivan, Sp. Atty., Jeffrey Auerhahn, Sp. Atty., U.S. Dept. of Justice, Boston, Mass., on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

The appellant has appealed from the district court's order of contempt which followed his refusal to testify before a grand jury as directed by the court in a previous order containing a grant of immunity pursuant to 18 U.S.C. § 6001 *et seq.* The appellant was confined until such time as he testifies as ordered, or until expiration of the eighteen month term of the grand jury, whichever shall occur first. 28 U.S.C. § 1826(a). The district court denied appellant's motion for bail pending appeal.

Before the district court, the appellant had moved for disclosure of electronic surveillance information. *In re Lochiatto*, 497 F.2d 803 (1st Cir.1974), provides that, where there is wiretap evidence, a recalcitrant witness, faced with contempt proceedings, may defend on the basis that the wiretap was unlawful. The witness should be given the opportunity to inspect these limited materials: the authorized application of the Attorney General or his designate, 18 U.S.C. § 2516(1), the affidavits in support of the court order, the court order itself, and an affidavit submitted by the government indicating the length of time the surveillance was conducted. *Id.* at 808.

The government interposed an objection to disclosure on secrecy grounds and filed several affidavits *in camera* to support its objection. The government provided the appellant with an affidavit indicating the length of time the electronic surveillance occurred and redacted copies of the other *Lochiatto* materials. The district court reviewed the materials in their unredacted form,[1] found that there was good cause for all of the redactions and that the redacted material was sufficient for appellant's counsel to represent his client's interests in developing defenses pursuant to *Lochiatto*, and concluded that the electronic surveillance application and court order were constitutionally and statutorily valid. *See id.* at 808. The court denied the appellant's motion for disclosure except to the extent disclosure had already been made by the government.

■ On appeal, the appellant contends that the redacted documentation does not demonstrate that the application for electronic surveillance was supported by probable cause. Specifically, the appellant complains that the redacted material does not establish the veracity, reliability or basis of knowledge of several confidential informants, referred to as CI-1, CI-3, and CI-4. In addition, the appellant contends that since the interceptions occurred between October and December of 1986, the information relied upon in summoning him to testify is stale, that his incarceration is punitive, and that the information the government might extract from him is merely cumulative. We note that, even though the appellant's counsel had received copies of the redacted material the day before the contempt hearing on June 8th, he did not raise any of these specific objections at the hearing before the district court. Rather, counsel contended that the very fact of redaction prevented him from determining a basis upon which to challenge the validity of the electronic surveillance. Transcript at pp. 7–9. Assuming without deciding that the appellant has not waived the objections on appeal by failing to raise them below, we, nonetheless, conclude that the objections are unavailing.

The *Lochiatto* opinion acknowledged the legitimacy of the government's concern with the "sensitive material contained in the government reports and affidavits" and the "high premium placed on secrecy, often to protect the witnesses." *Id.* at 807. "An absolute requirement of total disclosure of this guarded information could not have been the intent of Congress, since the ability of the government to proceed even in the limited circumstances where electronic surveillance is authorized would be severely trammeled." *Id.* Balancing this merited secrecy with the competing needs of reasonable expedition and meaningful defense resulted in the ground rules set forth in *Lochiatto*, which provide for the district court to review *in camera* and, if need be, withhold the limited materials detailed earlier in this opinion if the government interposes a meritorious objection to their dis-

---

1. We were unable to conclude from our initial review of the record whether the district court had, in fact, reviewed the electronic surveillance materials in their unredacted form and ordered the parties on June 24, 1988 to address the impact this circumstance may have on the district court's duty, pursuant to *Lochiatto*, to "determine whether the secret information can be successfully deleted or summarized and access to the excerpted material granted." *Id.* at 808. Subsequent to that order, the government filed a transcript of the contempt hearing held on June 8, 1988, which clearly reveals that the district court had examined the materials in their complete and unredacted form. Transcript at p. 6. We need not, and do not, therefore, address the circumstance raised in this court's order of June 24, 1988.

closure. While a recalcitrant witness, faced with contempt proceedings, may defend on the ground that the wiretap evidence was unlawfully intercepted, "we cannot say that the availability of defenses implies unconditional accessibility to all facts which might be relevant to those defenses." *Id.* at 807. In balancing the three competing needs of merited secrecy, reasonable expedition, and meaningful defense, this court, in *Lochiatto*, concluded that "[n]o evidence need be provided the defendant for the purpose of litigating the issues of truth of statements made by affiants [to support the application for the wiretap]." *Id.* at 808.

■ It is well within the rationale of the *Lochiatto* decision for the government to seek to prevent disclosure of information which, while supporting the veracity, reliability or basis of knowledge of informants, may, by the same token, be useful in identifying these individuals. Just as this court in *Lochiatto* rejected the assertion of an entitlement to litigate the truthfulness of statements by affiants in affidavits submitted to support a wiretap application, we reject the appellant's contention that he is entitled to the information the affiant relayed regarding the informants' veracity, reliability or knowledge in order to determine whether probable cause existed for the issuance of the court-ordered wiretap. As stated in *Lochiatto*, these competing concerns are properly resolved by relying on "a sound and sensitive judicial discretion." *Id.* Our review of the record indicates no abuse of discretion by the district court either in its determination of the propriety of the redactions or the validity of the wiretap.

■ The appellant cites no authority in support of his contention that information obtained from electronic surveillance becomes stale such that the government is precluded from using that information before a grand jury, notwithstanding the fact that the statute of limitations for the offenses to which the information is relevant has not expired. His citation of *United States v. Southard*, 700 F.2d 1, 30 (1st Cir.), *cert. denied*, 464 U.S. 823, 104 S.Ct.

89, 78 L.Ed.2d 97 (1983) and *United States v. Santarpio*, 560 F.2d 448, 452–53 (1st Cir.), *cert. denied*, 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977) is misplaced.

In *Southard*, the government obtained authorization for a wiretap based on its application alleging probable cause to believe that offenses in violation of 18 U.S.C. §§ 1084 (transmission of wagering information), 1952 (interstate and foreign travel or transportation in aid of racketeering enterprises), and 371 (conspiracy) were being committed. *United States v. Southard*, 700 F.2d at 28. While monitoring the wiretap, officers intercepted conversations which provided evidence of violation of 18 U.S.C. § 1955 (illegal gambling businesses). *Id.* Section 2517(5) of Title 18 provides that the contents of, and any evidence derived from, these conversations may be used in a criminal proceeding, when authorized by a court. "Such application shall be made as soon as practicable." 18 U.S.C. § 2517(5). In *Southard*, the defendant appealed from his § 1955 conviction on the ground, *inter alia*, that it was error to refuse to suppress the evidence from the wiretap because a nineteen month delay between interception of the § 1955 conversations and the application for their use as evidence violated the "as soon as practicable" requirement of § 2517(5). *United States v. Southard*, 700 F.2d at 30. This court found no violation of § 2517(5) and no reason to suppress the evidence of § 1955 violations on either statutory or constitutional grounds. *Id.* at 31. Aside from the obvious distinctions, namely that the witness has no standing to suppress evidence before a grand jury, *Cali v. United States*, 464 F.2d 475 (1st Cir.1972), and that § 2517(5) does not appear relevant here, the defendant in *Southard* did not raise, and this court neither expressed nor implied, any concern that the information was stale. The *Santarpio* case is no more relevant to the appellant's argument. In *Santarpio*, this court referred to a three month investigation prior to a wiretap application in discussing support for the district court's conclusion that other investigative procedures were inadequate. *United*

*States v. Santarpio,* 560 F.2d at 452. Again, even aside from the obvious distinction that *Santarpio* was an appeal from a denial to suppress evidence at trial, the appellant's staleness argument made here finds no basis in *Santarpio.* We reject the appellant's contention that the information obtained as a result of electronic surveillance is stale and cannot be relied on as a basis to summon and question him before the grand jury.

■■■ We summarily reject the appellant's remaining contentions. The appellant's speculation that the information the government seeks from him is merely cumulative is just that—speculation. Moreover, the appellant suggests no legal basis, and we know of none, that permits a witness to refuse to testify on that ground. We also reject his contention that his incarceration is punitive. The opinion of an FBI agent that subjects [2] of the investigation are unlikely to testify even with a grant of immunity does not make punitive the coercive effect of a contempt order when the appellant, although given the opportunity to purge the contempt, does in fact refuse to testify despite a grant of immunity. Moreover, the district court need not accept a witness' statement that he is not now, nor in the future, willing to purge himself of contempt, made before the witness is incarcerated pursuant to the contempt order, as satisfaction of the witness' burden of showing that there is no realistic possibility that he will comply with the order to testify. *Simkin v. United States,* 715 F.2d 34, 37 (2d Cir.1983); *Sanchez v. United States,* 725 F.2d 29, 31 (2d Cir.1984).

*The judgment of contempt is affirmed.*

---

**2.** It appears, by the appellant's reliance on this statement by the FBI agent to support his argument, that appellant assumes he is a "subject" of the investigation. We accept appellant's assumption for the sake of the argument but make no comment on the validity of the assumption.