**UNITED STATES of America, Appellee,**

v.

**Kay Dee BELL, Jr., Appellant.**

**No. 90–1380.**

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1990.

Decided May 14, 1990.

Burton H. Shostak, D.J. Kerns, Michael S. Ghidina, Moline, Ottsen, Mauzé, Leggat & Shostak, St. Louis, Mo., for appellant.

Michael C. Carr, Asst. U.S. Atty., Benton, Ill., for appellee.

Before FLAUM and KANNE, Circuit Judges, and NOLAND, Senior District Judge.*

FLAUM, Circuit Judge.

Kay Dee Bell, Jr. was held in civil contempt of court for his refusal to obey a district court's order compelling him to testify before the grand jury under a grant of use immunity. Finding that his refusal to answer the lone question propounded by the grand jury was without just cause, the district court ordered Bell confined for contempt for the duration of the grand jury or until he purges himself by testifying, but in no event longer than eighteen months. The district court's order further held that execution of Bell's sentence under a previous conviction be held in abeyance pending his confinement for contempt. Bell appeals the court's order. We affirm.

## I.

On October 4, 1988, after a seventeen week trial, defendant Kay Dee Bell was convicted of conspiracy to distribute more than 1,000 pounds of marijuana in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 and 846. On December 12, 1989, Bell was sentenced to twenty-five years in prison. At sentencing he was served with a grand jury subpoena and the very next day the district court entered an order pursuant to 18 U.S.C. § 6001 *et seq.*, requiring Bell to testify before the grand jury under a grant of immunity pursuant to 18 U.S.C. § 6002.

Bell was subpoenaed and brought before the grand jury for the first time in February, 1988. At that time, he was asked the question which is at issue in these proceedings, namely, whether Bell received a cash payment from Chuck Podesta in December of 1986. Bell refused to answer the question but the government did not initiate contempt proceedings against Bell for his refusal to testify at that time. Podesta was an immunized government witness at Bell's conspiracy trial who testified for approximately one month. At trial, Podesta testified that he had given $600,000 to Bell in December, 1986.

In August, 1989, while Bell's conspiracy conviction was on appeal, he was brought before a new grand jury and again was asked whether he received $600,000 from Chuck Podesta in December, 1986. Once again Bell refused to answer the question claiming that if his pending appeal was successful, the answer to the question would reveal his defense and would "box" him in at retrial. Bell was then immediately brought before the district court which determined that he had not shown good cause for his refusal to testify. After advising him of the potential penalties, the court ordered him to return to the grand jury room and answer the question. Bell refused to comply with the court's order stating "I refuse to testify until my case is resolved. That's my position. I refuse to testify to this question and this type of question until my case is resolved." The court then scheduled a hearing on the government's contempt motion for September 25, 1989.[1]

At the contempt hearing, Bell contended that he was justified in refusing to testify on the grounds that the government was abusing the grand jury process by using the grand jury to conduct discovery in an effort to buttress its case against him on the conspiracy conviction in the event that he should win his appeal and be granted a retrial. The court rejected this claim finding that the government was not using the grand jury process to gather evidence and that the grant of immunity under § 6002 would preclude the government from using his grand jury testimony or any evidence derived therefrom against him at retrial. On December 26, 1989, the district court

---

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

1. In the interim, the district court denied Bell's petition for disclosure of the transcript of his appearance before the grand jury on the grounds that he "fail[ed] to demonstrate a particularized need for breaking the secrecy of grand jury proceedings."

issued its order holding Bell in civil contempt pursuant to 28 U.S.C. § 1826 and directing that he be confined for contempt for the duration of the grand jury or until he purges himself by testifying, but in no event longer than eighteen months. The district court's order further held that execution of Bell's sentence under his previous conviction be held in abeyance pending his confinement for contempt. Bell appeals the court's order, claiming (as he did before the district court) that by compelling him to testify the government is abusing the grand jury process.

## II.

Bell challenges the district court's contempt order on essentially the same grounds that formed the basis of his decision to refuse to testify before the grand jury in the first place. He argues that he was justified in refusing to testify because the government was abusing the grand jury process as well as harassing him in an attempt to gather information and buttress its conspiracy case against him in the event that he is successful on appeal and is granted a re-trial. Although unable to articulate how, he believes that the grant of immunity is insufficient to protect him against such an abuse. In essence, his claim is that questioning a convicted (and immunized) defendant before a grand jury about the events that are the subject of his conviction while the appeal is pending is an abuse of the grand jury process.

■■■ We begin with basic principles. It is elementary that every citizen has a duty to testify before the grand jury. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). A grand jury witness may refuse to testify by invoking his privilege against self-incrimination unless he is granted immunity coextensive with that privilege. *Kastigar v. United States*, 406 U.S. 441, 448, 92 S.Ct. 1653, 1658, 32 L.Ed.2d 212 (1972); *In re Bonk*, 527 F.2d 120, 124 (7th Cir.1975). The grant of immunity must leave the witness " 'in substantially the same position as if the witness had claimed his privilege' in the absence of a grant of immunity."

*United States v. Schwimmer*, 882 F.2d 22, 25 (2d Cir.1989) (*quoting Murphy v. Waterfront Comm'n*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964)). If the immunized witness refuses to testify without just cause, the court may hold him in civil contempt and order his confinement, pursuant to 28 U.S.C. § 1826, for up to eighteen months or the term of the grand jury. *See Bonk*, 527 F.2d at 124.

■■ The Supreme Court, as well as this Court, has consistently held that immunity granted under 18 U.S.C. § 6002 is coextensive with the privilege against self-incrimination. Section 6002 immunity "leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the fifth amendment privilege. The immunity therefore is coextensive with the privilege and suffices to supplant it." *Kastigar*, 406 U.S. at 462, 92 S.Ct. at 1665. *See also Bonk*, 527 F.2d at 125. Bell was granted use immunity pursuant to § 6002 yet he refuses to testify. Since § 6002 immunity is coextensive with the privilege against self-incrimination, Bell's refusal can only be justified if it is supported by just cause.

■■ As stated above, Bell offers as just cause the allegation that the government is using the grand jury process solely to gather information and buttress its case against him in the event that he is successful on appeal and is granted a re-trial. This allegation is just that—a bald allegation without any evidence or proof of any illicit motive on the part of the government. Nonetheless, this absence of proof by Bell is immaterial since the defendant is amply protected by the § 6002 immunity from any such misconduct on the part of the government. While § 6002 permits the compulsion of incriminating testimony, it bars any use, derivative or otherwise, of the testimony so obtained in any criminal case, except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order granting immunity. Once the witness has testified under a grant of immunity, the government bears the burden of demonstrating that its proof in a subsequent proceeding was derived from a

wholly-independent source, untainted by the immunized testimony. *Murphy*, 378 U.S. at 79 n. 18, 84 S.Ct. at 1609 n. 18. The immunity granted the defendant therefore adequately protected Bell against any attempt by the government to later use his testimony before the grand jury against him. Accordingly, Bell's claim that the government is abusing the grand jury process by gathering evidence against him fails to constitute just cause.

The defendant cites *United States v. Doss*, 545 F.2d 548, 552 (6th Cir.1976), *aff'd on rehearing*, 563 F.2d 265 (6th Cir.1977) (en banc), as the primary source of support for his position that his refusal to testify was based on just cause because the government is abusing the grand jury process by using the grand jury to gather information against him. In that case, the witness, unbeknownst to him, had already been indicted by the grand jury in front of which he was testifying. The Sixth Circuit determined that the government was deliberately using the grand jury proceedings for discovery of evidence about a defendant who had been indicted but not yet tried. The court stated "we can find no constitutional, statutory or case authority for employment of the grand jury as a discovery instrument to help the government prepare evidence to convict an already indicted defendant." *Id.* The court held that "where a substantial purpose of calling an indicted defendant before a grand jury is to question him secretly and without counsel present and without his being informed of the nature and cause of the accusation about a crime for which he stands already indicted, the proceeding is an abuse of process which violates both the Sixth Amendment and the Due Process clause of the Fifth Amendment." *Id.* (footnote omitted).

Bell's claim that *Doss* controls here fails for several reasons. As the district court properly noted, unlike the defendant in *Doss*, Bell has been ordered to testify under a grant of immunity pursuant to § 6002, which means that the government cannot use his grand jury testimony against him. This effectively alleviates the motivating concern in *Doss* that the government was using the grand jury pro-

ceedings to gather evidence against the defendant by inducing him to testify as to his own involvement in criminal enterprises that, unbeknownst to him, he had already been charged. The protection afforded Bell by the grant of use immunity is broad as "section 6002 provides a 'sweeping proscription' of any direct or indirect use of the testimony, including its use as an investigatory lead, or as a means of focusing an investigation on the witness …" *United States v. Schwimmer*, 882 F.2d 22, 25 (2d Cir.1989). Further, despite the defendant's broad and generalized protestations to the contrary, the record is devoid of any evidence of an improper motive by the government in this case.

■ Bell also claims just cause for his refusal to testify on the ground that the government has abused the grand jury process by demanding that "he answer a question to which it already has the answer." Bell suggests no legal basis, and we know of none, that permits a witness to refuse to testify on that ground. *See In re Grand Jury*, 851 F.2d 499, 500 (1st Cir.1988). "[N]o court has ever required a grand jury to show 'that the information [is] not already in the possession of the government'" as a condition of requiring a witness to testify. *Matter of Sinadinos*, 760 F.2d 167, 172 (7th Cir.1985). "Legitimate claims of privilege or statutory right must be honored, but the rest of the time the grand jury and the prosecutor, rather than the court and the witness, have the right to select the direction and depth of investigation." *Id.* at 170. (citation omitted). Despite these established principles, Bell nevertheless urges us to adopt a rule requiring the government to show that the grand jury does not already have in its possession the information that it seeks. In *Sinadinos*, we noted that such a position involved a "[s]ubstantial cost to the traditional role of the grand jury and the rules surrounding it." *Id.* To establish that the grand jury does not have the information it seeks from the witness, the grand jury would be required to disclose a great deal of information about the nature and state of the investigation. Such disclosure

would serve to contravene the secrecy under which the grand jury operates and would also interrupt the progress of the investigation. "The interruption would be the occasion of a trial on a small scale, inquiring into the current state of the investigation and how much information it really needs." *Id.* As we noted in *Sinadinos*, there is also an inherent difficulty in discerning when information is already in the possession of the grand jury. *Id.* Finally, expedition is a paramount concern in the grand jury's investigative role, *see United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1983); *United States v. Washington,* 431 U.S. 181, 187, 97 S.Ct. 1814, 1818, 52 L.Ed.2d 238 (1987), and such an inquiry would create unjustifiable delay.[2]

Bell's refusal to testify before the grand jury is without just cause and, accordingly, the order of the district court is AFFIRMED.

---

**2.** While we recognized in *Sinadinos* that "[i]n an extreme case there might be a need for proof to dispel a witness's showing of harassment," we note that such is not the case here. Bell claims that he is being harassed by the government on the ground that the government has already indicted some thirty defendants in the marijuana conspiracy. We fail to see the connection between the government's indictment of those believed to be involved in criminal enterprises and the government's alleged harassment in calling Bell to testify before the grand jury.