No. 14,924.

THE PEOPLE v. SWANSON ET AL.
(125 P. [2d] 637)

Decided April 27, 1942.

Mr. JOHN A. CARROLL, Mr. JAMES T. BURKE, Mr. ANTHONY F. ZARLENGO, Mr. THOMAS H. RYAN, Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

Mr. EMMETT THURMON, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS were jointly indicted for perjury. They appeared by separate counsel. To reverse a judgment of dismissal on motions to quash, the people prosecute this writ.

The indictment was in two counts and the grounds of the motions were, as we interpret, (1) Misjoinder of counts; (2) want of facts; (3) ambiguity. The motions were sustained "for reasons set forth in the arguments and motions herein." Further the record does not advise us. The assignments simply state that there was error "in sustaining the motions to quash and" in dismissing the case and in discharging the defendants.

■■■ 1. The two counts are admittedly based upon the same facts and their recitals are almost identical. The first charges perjury under section 142 of chapter 48, '35 C.S.A., which is the usual statutory definition of the crime and specification of the penalty. The second charges a violation of section 143, id., which reads: "Any person who shall sign any false written statement and willfully and corruptly make oath to or affirm the same before any officer having the right to administer oaths, shall be guilty of perjury, and shall be punished accordingly."

If defendants did the thing with which they are charged (assuming that certain erroneous statutory references in the indictment are not fatal, a point later examined herein) they are guilty under both sections. That under such circumstances the two counts may be joined is supported by common law, express enactment, reason and authority. '35 C.S.A., c. 48, §450; *Bergdahl v. People*, 27 Colo. 302, 61 Pac. 228; *Crane v. People*, 91 Colo. 21, 11 P. (2d) 567.

■■■ 2. Section 448, chapter 48, '35 C.S.A., provides that to justify a true bill for perjury at least two witnesses before the grand jury "to the same fact shall be necessary." It is contended that compliance with that mandate must appear on the face of the indictment. The point is without merit. In this, as in many other similar particulars, the presumption of regularity pertains. No authority to the contrary is cited and we assume none exists. In most jurisdictions a grand jury must consist of twelve members and nine must concur

in a true bill, but such recitals in an indictment are unnecessary to its validity. *Cook v. State*, 109 Ark. 384, 160 S.W. 233. As a general rule a motion to quash goes only to matters appearing on the face of the record, and extraneous facts cannot be inquired into thereunder. *Commonwealth v. Fredericks*, 119 Mass. 199, 204; *People v. Clifford*, 105 Colo. 316, 98 P. (2d) 272.

3. Swanson was vice-president and Peterson secretary-treasurer of the International Mutual Liability Insurance Company. Section 22, chapter 87, '35 C.S.A., made it mandatory for the company, on or before March 1 of each year, to file with the Commissioner of Insurance a report "signed and sworn to by its chief officers, of its condition on the preceding thirty-first day of December, which shall include a detailed statement of assets and liabilities, the amount and character of its business transacted, and moneys received and expended during the year, * * *," etc. Section 13, id., made it mandatory for the company at the same time to file a statement "under oath *upon a form to be prescribed and furnished by the commissioner* stating the amount of all premiums collected or contracted for in this state or from residents thereof, * * * the amounts actually paid policyholders on losses and the amounts paid policyholders as returned premiums by fire insurance companies; the amount of insurance reinsured in other companies authorized to do business in this state, * * *," etc. Further quotation from said sections is unnecessary. It is clearly apparent that the requirements are distinct and that only the statement provided for in said section 13 is required to be upon a form furnished by the commissioner.

In the first count of the indictment it is charged that the company "was required by law to make and file with the Insurance Commissioner, annually, a statement, under oath, *on the forms prescribed by the commission, pursuant to chapter 87 section 13,*" etc., and that defendants "did willfully, knowingly, corruptly,

falsely and feloniously swear and affirm as follows, to-wit." Here follows a statement of facts wholly unrelated to said section 13, but all being detailed matters called for by section 22. The indictment continues "all of which representations and statements were false, and were matters material to the issue * * *." It thus appears that the charge in this count is under said section 142, supra, which is the general statute on perjury and which confines the offense to "a matter material to the issue or point in question, * * *." It is perfectly apparent that whoever drew this indictment got his statutes mixed up, but since all this goes to the question of the materiality of the alleged false statements, and since the lack of such materiality clearly appears from the face of the count, the motion to quash was good as to this count and the court's ruling correct.

The second count of the indictment contains the identical reference to chapter, section and "forms prescribed by the commission" as the first. The alleged false statements are also identical but there is no allegation that these "were matters material to the issue." In lieu thereof it is alleged that "all of which statements were false, and to all of which said J. S. Swanson and W. A. Peterson did willfully and corruptly make oath." It thus clearly appears that this charge is made under said section 143, supra. Since this section makes it perjury simply to "sign any false written statement, and willfully and corruptly make oath to or affirm the same before any officer having the right to administer oaths," and contains no reference to materiality to any "issue or point in question" all reference to the section of the statute under which the report was presumed to be made, and all reference to the form on which it was made, was mere surplusage, wholly immaterial, and should be disregarded. *Rawlings v. State*, 2 Md. 201, 210; *Ex parte King*, 200 Fed. 622. This rule appears to rest on sound reason and an unbroken line of precedents. It is thus stated in Archbold's Cr. Pl.

(10th ed. 1846), p. 53, §42: "Every fact and circumstance laid in an indictment, which is not a necessary ingredient in the offense, may be rejected as surplusage, and need not be proved at the trial." Editions of Archbold have been continued up at least to twenty-six. We cite the tenth because that is the one evidently before the Maryland court and referred to in the Rawlings case, supra, citing an opinion by Lord Chief Justice Willes in 1740. Hence this rule has been generally recognized for over two hundred years.

One other contention remains for consideration. It is said this count is ambiguous because of the number of false statements which it is alleged were contained in defendants' affidavit, as to which the indictment merely says "all of which statements were false." These statements are that a certain number of bonds of certain corporations, of given numbers and specified values, issued and maturing on given dates, were owned by defendants' company. Approximately twenty facts are so recited and it is argued that it could not possibly have been the intent of the people to offer evidence that all were false and defendants could not reasonably be expected to prepare to defend as to all. Ordinarily one would say that such are the probabilities, but this is mere assumption. For aught we or defendants know the people might offer some evidence of the falsity of each. Certainly it cannot be said to appear from the face of the indictment that they would not, hence this affords no basis for a motion to quash. If defendants' assumption was justified they were not without other remedies. On motion and proper showing the district attorney could be obliged to confine the issues to such allegations of the affidavit as he proposed to show were false.

Our conclusion is that the first count of the indictment was properly quashed, but that the second count was good.

The judgment is accordingly affirmed as to the first count and reversed as to the second, and the cause

remanded to the district court with directions to re-instate as to the second count and proceed as by law provided.

MR. JUSTICE HILLIARD not participating.