501 P.2d 152 (1972)
Phyllis LINCOLN, Plaintiff-Appellant,
v.
DENVER POST, Defendant-Appellee.
No. 72-005.
Colorado Court of Appeals, Div. I.
September 6, 1972.
*153 Louis Parkinson, Robert DuVal Hicks, Englewood, for plaintiff-appellant.
Van Cise, Freeman, Tooley & McClearn, Edwin P. Van Cise, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff Lincoln sued Nelson Nadeau, Director of Jefferson County Welfare Department (not a party to this appeal), and the Denver Post for general and punitive damages based on an alleged invasion of plaintiff's right of privacy by the publication of a newspaper article on April 27, 1971, in the Denver Post. Plaintiff alleged that publication of the article constituted a violation of her right of privacy as established by 1967 Perm.Supp., C.R.S.1963, 119-9-16(2). This statute provides, as follows:
"It shall be unlawful, except for purposes directly connected with the administration of aid to dependent children assistance, and in accordance with the rules and regulations of the state department, for any persons to solicit, disclose, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of, any lists of or names of, or any information concerning persons applying for or receiving assistance under this article, directly or indirectly derived from the records, papers, files, or communications of the state or county or subdivisions or agencies thereof, or acquired in the course of the performance of official duties."
Defendant Post filed its answer alleging as an affirmative defense that plaintiff's privilege or right of privacy was lost to her when a criminal information was filed charging her with welfare fraud. It then filed its motion to dismiss based on the failure of the complaint to state a claim for relief. After argument, the court granted Post's motion to dismiss, which decision plaintiff has appealed to this court. We affirm.
The publication of April 27th is based on the filing of a criminal information in Jefferson County District Court, wherein the plaintiff was charged with welfare fraud. The information for the article was obtained from the Jefferson County District Court file and from a person endorsed as a witness on the information. The article reveals that an investigation had been carried on for several months, that the charges were brought because plaintiff allegedly failed to report that she was married and receiving support from her husband, that the husband had claimed her children, his stepchildren, as dependents on his medical insurance coverage, and that plaintiff had been receiving $350 per month ADC payments and $40 to $84 per month from welfare for extra food stamps.
Even if, in the first instance, plaintiff were entitled to claim a right of privacy from the wording of the statute, such right cannot extend so far as to prevent public disclosure of alleged facts which will or may be placed in evidence in a subsequent *154 public trial of plaintiff upon criminal charges already pending where such charges arise out of her alleged violation of the welfare statutes.
The Sixth Amendment to the United States Constitution and Colo.Const. Art. II, Sec. 16, provide for the right to a public trial for defendants in criminal cases. These constitutional provisions recognize the interest of both the accused and of the public in the manner in which justice is administered.
In State of Maryland v. Baltimore Radio Show, 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562, the court stated:
". . . one of the demands of a democratic society is that the public should know what goes on in courts by being told by the press what happens there, to the end that the public may judge whether a system of criminal justice is fair and right."
See also Craig v. Harney, 331 U.S. 367, 67 S.Ct. 1249, 91 L.Ed. 1546; State v. White, 97 Ariz. 196, 398 P.2d 903.
Any right of privacy conferred upon the plaintiff by the statute in question or arising at common law is subject to appropriate limitation and may be rendered nonexistent when the private facts sought to be sequestered are the subject matter of a criminal prosecution. Where, as here, a felony prosecution has commenced under the law of the state of Colorado, whether by indictment by a grand jury or by the granting of leave to file a direct information, there has been an initial judicial determination that there exists probable cause to believe the named defendant has committed the crime charged. See C.R.Crim. P. 7.
It is this initial determination which creates in the public a right superior to that of the individual and by which the privilege or right of privacy is destroyed. At that point in time the public has a right to know and the press to disclose such facts relative to the pending criminal case as may reasonably be expected to be relevant and material thereto. This does not absolve the press of its responsibility to report fairly and accurately and to avoid prejudicing the defendant's right to a fair trial.
We therefore conclude that the right of privacy, if any, conferred upon the plaintiff by the above statute ceased to exist when she became a criminal defendant charged with a crime directly connected with that statute and further hold that this right of privacy was lost without regard to the outcome of the charges.
Since the above holding is dispositive of this appeal, we need not discuss appellant's other alleged errors.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.