518 P.2d 957 (1973)
The CLOWN'S DEN, INC., a Colorado corporation, Plaintiff-Appellant,
v.
George A. CANJAR, Director of Excise and Licenses, City and County of Denver, Defendant-Appellee.
No. 73-042.
Colorado Court of Appeals, Div. II.
December 18, 1973.
Rehearing Denied January 8, 1974.
Certiorari Denied February 25, 1974.
*958 Keller & Dunievitz, Alex Stephen Keller, Denver, for plaintiff-appellant.
Max P. Zall, City Atty., Lloyd K. Shinsato, Asst. City Atty., Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff filed a complaint pursuant to C.R.C.P. 106 to obtain review of an order by the Director of Excise and Licenses of the City and County of Denver (Director), suspending plaintiff's hotel and restaurant liquor license for a violation of Regulation 19B of the Rules and Regulations of the Executive Director of The Department of Revenue.
Regulation 19B reads as follows:
"Each licensee shall conduct his establishment in a decent, orderly and respectable manner, and shall not permit within or upon the licensed premises the loitering of habitual drunkards or intoxicated persons, lewd or indecent displays, profanity, rowdiness, undue noise, or other disturbance or activity offensive to the senses of the average citizen, or to the residents of the neighborhood in which the establishment is located."
The notice and order to show cause issued to plaintiff alleged that on the day in question, a male patron of the plaintiff was approached by a woman who solicited the patron for the purchase of a bottle of champagne. After purchasing the wine, the patron was enticed by two women to a secluded portion of the establishment where he and the females engaged in various forms of social intercourse, mostly sexual. Thereafter, one of the women directed the patron to see the manager of the establishment who presented him with a bill for $750, which sum, coincidentally or not, amounted to the total of a certified check which the patron had in his possession. The patron endorsed the check over to plaintiff. After a hearing, the Director found that these events had occurred, and that plaintiff had therefore violated Regulation 19B.
Plaintiff does not dispute the fact that the complained of conduct actually occurred, nor does it challenge the constitutionality of the regulation. Rather it argues that the conduct does not fall within Regulation 19B.

I
Plaintiff's principal argument is that there was insufficient evidence in the record to show that it "permitted" the conduct in question. It is plaintiff's contention that the word "permit" in this context denotes knowing acquiescence or consent and that, therefore, it was necessary to allege and prove actual knowledge by the plaintiff of the conduct in question. We disagree with this contention.
When a statutory term may be used in different senses, it is permissible for the court to apply the definition which will "best effectuate the legislative intent in the enactment of the law." Fifteenth Street Investment Co. v. People, 102 Colo. 571, 81 P.2d 764.
In Denver v. Gushurst, 120 Colo. 465, 210 P.2d 616, our Supreme Court stated that the intent and primary purpose of the Colorado Liquor Code, under which the regulation in question was promulgated, was to authorize, subject to regulation and safeguards, the sale and consumption of intoxicating liquors, and, at the same time, to "completely outlaw and eradicate" the vices and ill effects which had come to be associated with the sale of such beverages. The court concluded that in view of that *959 purpose, the liquor code was not to be subjected to a strained or narrow construction.
Under this clear expression of legislative intent, we hold that to have "permitted" a violation of the regulation, the plaintiff need not have had actual knowledge of the specific activities constituting the violation. See Wittenburg v. Board of Liquor Control, 80 N.E.2d 711 (Ohio App.).
The holder of a license for the sale of alcoholic beverages has an affirmative responsibility to see that his business is not conducted by his employees (or by his employees in concert with other persons) in violation of the law. See Oxman v. Department of Alcoholic Beverage Control, 153 Cal.App.2d 740, 315 P.2d 484. Therefore, since the evidence clearly supports a finding that activities in violation of the regulation had occurred with, at least, the implicit knowledge of the bartender, which knowledge is imputed to plaintiff, it was not necessary that actual knowledge by plaintiff be pleaded or proved to substantiate a charge that plaintiff had "permitted" the prohibited activity.

II
Plaintiff apparently does not contest the fact that the bartender was its agent and employee, but it further argues that it was necessary to prove that the women involved were employees or agents of the licensee. While the order to show cause did allege that the women were employees or agents, the allegation was unnecessary and superfluous since the regulation applies to all conduct which the licensee permits on the premises, whether it is conducted by its employees or not. It is well established that where a fact alleged is not a necessary ingredient to the offense, it need not be proved. Therefore, unnecessary allegations in an order to show cause before an administrative licensing authority can be disregarded. See People v. Swanson, 109 Colo. 371, 125 P.2d 637.
We have examined the other allegations of the plaintiff and find them to be without merit.
We conclude that there was sufficient evidence to support the conclusion of defendant that plaintiff was in violation of Regulation 19B and that, therefore, there was no abuse of discretion by the Director. See MacArthur v. Sanzalone, 123 Colo. 166, 225 P.2d 1044.
The judgment of the trial court affirming the decision of the Director is affirmed.
COYTE and ENOCH, JJ., concur.