587 P.2d 802 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Bohuslav VESELY, Defendant-Appellant.
No. 77-507.
Colorado Court of Appeals, Div. III.
September 21, 1978.
Rehearing Denied October 12, 1978.
Certiorari Denied December 11, 1978.
*803 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Bohuslav Vesely, pro se.
PIERCE, Judge.
Defendant, Bohuslav Vesely, was convicted of second degree forgery in violation of § 18-5-103(1)(b), C.R.S.1973. He appeals and we affirm.
The People's evidence consisted primarily of 26 state income tax returns. Each of these returns was purportedly filed by a different person, and each listed defendant's address as the taxpayer's residence. All of the returns showed no income, listed several dependents, and requested a refund for the state food sales tax credit. The returns were processed, and the refunds paid. A handwriting expert testified that he believed defendant signed each of these 26 returns.
Defendant was charged with criminal violation of the Income Tax Act of 1964 (§ 39-22-621(3)(b), C.R.S.1973), second degree forgery, theft, attempted theft, and conspiracy. Only the forgery count was submitted to the jury, which returned a verdict of guilty.

I.
Defendant first argues that certain evidence should have been suppressed because it was obtained by an abuse of the grand jury process. We disagree.
*804 The district attorney obtained defendant's bank statements and a signature card through a grand jury subpoena duces tecum. The criminal proceedings against defendant were initiated by direct information, and the grand jury never received the subpoenaed documents.[1] There is no evidence that the grand jury was, or ever had been, investigating any accusations with respect to defendant's activities. Defendant thus argues that the grand jury was being used merely as a device to short-circuit discovery, a use inconsistent with the grand jury's historic functions.
However, even if we assume that the issuance of the subpoena was an abuse of the grand jury's powers, defendant must show that the abuse prejudiced him before he is entitled to have the fruits of the subpoena suppressed. See United States v. Miller, 508 F.2d 588 (5th Cir. 1975); United States v. Hedge, 462 F.2d 220 (5th Cir. 1972). Here, defendant has failed to show prejudice. The bank records and signature card could have been obtained through ordinary pretrial discovery. Defendant would have had no standing to challenge a court-ordered subpoena of the bank records on Fourth Amendment grounds, since he has no protected Fourth Amendment interest in such records. United States v. Miller, 425 U.S. 435, 48 L.Ed.2d 71, 96 S.Ct. 1619 (1976). See A v. District Court, Colo., 550 P.2d 315 (1976), cert. denied, 429 U.S. 1040, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977). Similarly, the signature card as a handwriting exemplar is not testimonial evidence, and is not protected by the self-incrimination clause of the Fifth Amendment. United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). See People v. Renfrow, Colo., 564 P.2d 411 (1977).
Thus, since the subpoena produced evidence which was otherwise discoverable, defendant was in no way prejudiced by its issuance, and any impropriety in the grand jury process was harmless. Cf. United States v. Doss, 545 F.2d 548 (6th Cir. 1975) (defendant compelled to testify).

II.
Defendant also contends that the court erred in admitting the income tax returns. He argues that under § 39-21-113(4)(a), C.R.S.1973, income tax returns are only admissible in connection with proceedings under the income tax statute, and that since the counts based on defendant's alleged violations of the income tax statute were dismissed, the returns were not admissible. We disagree.
Section 39-21-113(4)(a), C.R.S.1973, provides that:
"The officials charged with the custody of such [tax] documents, reports, and returns shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the executive director in an action or proceeding under the provisions of any such taxing statutes to which the department of revenue is a party or on behalf of any party to any action or proceeding under the provisions of such taxing statutes when the report of facts shown thereby are directly involved in such action or proceeding, in either of which events the court may require the production of, and may admit in evidence, so much of said reports or of the facts shown thereby, as are pertinent to the action or proceeding, and no more."
Criminal sanctions for violations of the taxing statute are imposed by § 39-22-621(3), C.R.S.1973:
"(a) Any person required under this article . . . to make a return, keep any records, or supply any information, for the purpose of the computation, assessment, or collection of any tax imposed by *805 this article, who willfully fails to make such return, keep such records, or supply such information at the time required by law or regulations . . . is guilty of a misdemeanor . . . .
"(b) Any person required under this article to collect, account for, and pay over any tax imposed by this article, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully fails to pay any tax, or in any manner evades or defeats any tax imposed by this article or the payment thereof . . . is guilty of a felony . . . ."
These statutes show only that the General Assembly intended these crimes to apply to a defendant's failure to make records of or truthfully act upon his own tax liability. Here, the gravamen of the forgery charge was that defendant took advantage of the food tax credit by filing false returns in the names of others. Neither subsections (a) nor (b) of § 39-22-621(3) would apply to such activity. Accordingly, were we to accept defendant's argument that § 39-21-113(4)(a) prevents the introduction of the tax returns here, forgeries of this sort would be beyond the reach of the criminal law, since the most crucial evidencethe forged documents themselveswould be inadmissible. We decline to interpret the statute in this way. See Lincoln v. Denver Post, 31 Colo.App. 283, 501 P.2d 152 (1972).

III.
Defendant also contends that the information was impermissibly vague with respect to the forgery count, and that the forgery charge was not proved since the People did not demonstrate forgeries of each of the 36 returns alleged in the information. We disagree.
The information charges:
"That between May 14, 1974, and December 23, 1975, at the City and County of Denver, State of Colorado, BOHUSLAV VESELY did with intent to defraud, falsely make, complete and utter Thirty-Six (36) written instruments which purported to beand were calculated to become and to represent, if completed, public records and instruments required by law to be filed and legally fileable in and with a public office and servant, to-wit: Colorado State Individual Income Tax Returns; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."
This information was sufficient to apprise defendant of the charges against him. Compare People v. MacFarland, 189 Colo. 363, 540 P.2d 1073 (1975) with People v. Zupancic, Colo., 557 P.2d 1195 (1977). Moreover, the variance in proof was not fatal since the evidence was sufficient to establish a prima facie case of second degree forgery, notwithstanding the fact that not all 36 specific acts were proved. See People v. Swanson, 109 Colo. 371, 125 P.2d 637 (1942); Camp v. People, 84 Colo. 403, 270 P. 869 (1928).

IV.
Defendant also argues that the evidence was insufficient to support the conviction, and that instructions on the lesser included offenses of third degree forgery (§ 18-5-104, C.R.S.1973), criminal simulation (§ 18-5-110, C.R.S.1973), and obtaining signature by deception (§ 18-5-112, C.R.S.1973), should have been given. Again, we disagree.
The evidence that defendant signed the tax returns with the names of other taxpayers satisfies the "falsely made" requirement of the second degree forgery statute. Section 18-5-103(1), C.R.S.1973; United States Fidelity & Guaranty Co. v. First National Bank, 147 Colo. 446, 364 P.2d 202 (1961). Furthermore, income tax returns are "instruments filed or required by law to be filed . . . with a public office," as required by subsection (1)(b) of that statute. See § 39-22-601, C.R.S.1973.
With respect to the argument that instructions on the lesser offenses should have been given, we hold that these instructions were properly refused since there was *806 no evidence supporting conviction of the lesser offenses and acquittal of the greater. People v. White, Colo., 553 P.2d 68 (1976); People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974).

V.
Defendant also objects to some of the evidence admitted at trial. Contrary to defendant's contention, the bank signature card and two of the tax returns were positively identified by the People's handwriting expert. While it is true that the expert was unable to identify one of the signatures on one of the returns, he testified unequivocally that the second signature was defendant's.
Defendant also objects to the tax returns and warrants on the ground that the People failed to authenticate them by showing a chain of custody. However, a sufficient foundation was laid for all of the returns by the handwriting expert's testimony, and the warrants were official replies to these returns. Thus, both the returns and warrants were properly authenticated. Cf. Westland Distributing, Inc. v. Rio Grande Motorway, Inc., 38 Colo.App. 292, 555 P.2d 990 (1976).
Defendant further contends that all but one of the warrants were irrelevant, since defendant was not charged with forging any warrants, and since there was no evidence defendant cashed the warrants. However, the trial court correctly ruled that the warrants were relevant to show the fruits of defendant's scheme regardless of the fact that defendant may not have succeeded in cashing them.
Finally, defendant objects on relevancy grounds to the introduction of People's Exhibit Da tax return accompanied by several W-2 forms and a letter purportedly written by defendant to an official of the Department of Revenue. Again, however, this exhibit was relevant to prove the overall nature of the scheme, and the trial court did not abuse its discretion in admitting it into evidence. See People v. Bynum, Colo., 556 P.2d 469 (1976); People v. Murdock, Colo.App., 555 P.2d 849 (1976).

VI.
Defendant also raises several miscellaneous assignments of error, each of which is without merit.
We reject the contention that the administrative procedures established by § 39-21-103, C.R.S.1973, should have been followed. Defendant was convicted of criminal forgery, and § 39-21-103 is inapplicable.
Defendant also maintains that the prosecutor's closing arguments were so inflammatory as to require reversal. However, since the closing arguments were not made a part of the record, we are not at liberty to address this contention. Rueckhaus v. Snow, 167 Colo. 51, 445 P.2d 577 (1968).
Finally, defendant argues that under the English doctrine of medietate linguae, he was entitled to have one half of the jury panel be of Czechoslovakian descent. See 28 Edw. 3, c. 13 (1354); 4 W. Blackstone, Commentaries 452 (Hammond ed. 1890). This argument, while ingenious, is without merit. It is clear that the doctrine of medietate linguae did not survive the adoption of the Sixth Amendment, which has, on numerous occasions, been interpreted not to require a jury of any particular race or ethnic makeup. See, e. g., Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); United States v. Test, 399 F.Supp. 683 (D.C.Colo.1975), aff'd, 550 F.2d 577 (10th Cir. 1976). See also People v. Sepeda, Colo., 581 P.2d 723 (1978).
The balance of defendant's contentions were not preserved in his motion for new trial.
Judgment affirmed.
RULAND and VanCISE, JJ., concur.
NOTES
[1] The subpoena here was issued before the direct information was filed. Cf. United States v. Doss, 545 F.2d 548 (6th Cir. 1976). Effective June 21, 1977, Colorado grand juries are statutorily prohibited from issuing subpoenas where "a primary purpose or effect . . . is or will be to secure testimony for trial for which the defendant has already been charged by information, indictment, or criminal complaint." Colo.Sess.Laws 1977, ch. 213, § 16-5-204(3)(i)(I) at 856.