**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Margaret MAESTAS,**
**Defendant-Appellant.**

**No. 83CA1060.**

Colorado Court of Appeals,
Div. II.

Jan. 10, 1985.

Rehearing Denied Jan. 31, 1985.

Certiorari Denied May 6, 1985.

support her convictions, defendant, Margaret Maestas, appeals her conviction of four counts of second degree forgery and two counts of theft. We affirm.

The forgery charges in this case arose out of four 1981 state income tax filings in the names of four persons with the surname "Garcia," "Michaela," "Monique," "Rosa," and "Mary," all listed as having the same post office box return address. The theft charges arose out of the fact that two tax refund warrants, one issued to Michaela and one to Monique, were negotiated by the defendant. The People claimed that the Garcias were fictitious persons created by the defendant in order to obtain the proceeds of tax refunds or credits. Evidence was presented that defendant's handwriting was on each tax return, that the returns bore nonexistent social security numbers or numbers assigned to other persons, that she had receipts for rent and a key deposit for the post office box listed on the charged tax returns, and that she possessed numerous tax refund envelopes (two of which contained refund checks payable to persons other than defendant), tax return forms, preaddressed envelopes, and post office change of address forms.

## I.

Prior to the beginning of voir dire, the trial court informed counsel that they were not to question the prospective jurors on their case theories, ask hypothetical questions, or question the jury on the instructions which would be given by the court. Defendant claims this was reversible error. We do not agree.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Claiming that the trial court improperly restricted her voir dire examination, erred in admitting evidence of a similar transaction, and imposed an excessive sentence, and that the evidence was insufficient to

Restrictions on the scope of voir dire are within the trial court's discretion, *People v. Saiz*, 660 P.2d 2 (Colo.App.1982), and there was no abuse of discretion here. The trial court gave counsel full opportunity to question jurors regarding any matters which might have shown prejudice or bias. Hence, defendant's right to have a fair and impartial jury was protected.

## II.

The four tax returns which formed the basis of the forgery charges were dated January 10, March 8, May 4, and July 8, 1982. Over defense objection, the trial court also admitted evidence of a tax form completed August 23, 1982, in the name of Gena Garcia, using the same post office box return address as listed on the four charged returns. This evidence was offered as a similar act to show a continuing scheme, plan or design, modus operandi, or identity. *See* C.R.E. 404(b). Upon its reception, the trial court instructed the jury that its consideration of this evidence was limited to those issues. *See People v. Beasley*, 43 Colo.App. 488, 608 P.2d 835 (1979).

Defendant contends that the trial court erred in admitting this evidence because it was not shown that she committed the similar act and because this evidence did not relate to a material issue in the case. We disagree.

The People's evidence established that defendant was the perpetrator of the similar act by showing that her handwriting was on this tax return. *See People v. Botham*, 629 P.2d 589 (Colo.1981). And, the evidence pertained to the issue of defendant's intent to defraud, an essential element of second degree forgery. *See* § 18–5–103(1), C.R.S. (1978 Repl.Vol. 8). Similar transaction evidence is admissible to establish a continuing scheme, plan or design, or a modus operandi from which defendant's intent to defraud can be inferred. CRE 404(b); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *People v. Quintana*, 682 P.2d 1226 (Colo.App.1984).

The People sought to show that the similarities in the preparation and filing of the four charged tax returns with the similar act established that one person had completed all of them. This evidence was properly received.

## III.

The trial court imposed presumptive range sentences of four years on each of defendant's theft convictions and two years on each of the defendant's forgery convictions. *See* §§ 18–1–105(1)(a), 18–4–401(2)(c), and 18–5–103(2), C.R.S. (1978 Repl.Vol. 8). The court ordered that the two theft sentences and two of the forgery sentences would run consecutively, resulting in an aggregate term of 12 years. Defendant claims that imposing these consecutive sentences was excessive. We do not agree.

Unless the several offenses arose from the same criminal episode and are supported by identical evidence, *see* §§ 18–1–408(2) and (3), C.R.S. (1978 Repl.Vol. 8), imposition of consecutive sentences is within the discretion of the trial court. *People v. Garcia*, 658 P.2d 1383 (Colo.App.1983). There was no abuse of discretion here. The trial court properly considered the nature of the defendant's acts, her character, and the interest of the public in safety and deterrence. *See People v. Phillips*, 652 P.2d 575 (Colo.1982); § 18–1–102.5, C.R.S. (1984 Cum.Supp.). Further, it was proper for the trial court to consider the defendant's past criminal record. *See* § 16–11–102(5), C.R.S. (1983 Cum.Supp.); C.R.C.P. 32(b); *People v. Lichtenwalter*, 184 Colo. 340, 520 P.2d 583 (1976).

## IV.

Contrary to defendant's contention, the evidence and the reasonable inferences based thereon, viewed in the light most favorable to the prosecution, *see People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), was sufficient for the jury to find beyond a reasonable doubt that the defendant created four fictional taxpayers and filed tax returns on their behalf with the intent to defraud the state by obtaining tax refunds or credit, *see Duncan v. People*, 178 Colo. 314, 497 P.2d 1029 (1972), and that she falsely made, altered, or uttered the tax returns. *See People v. Brown*, 193 Colo. 120, 562 P.2d 754 (1977); *People v. Vesely*, 41 Colo.App. 325, 587 P.2d 802 (1978); § 18–5–103, C.R.S. (1978 Repl.Vol. 8). The

theft convictions were similarly supported. *See* § 18-4-401, C.R.S. (1978 Repl.Vol. 8).

Judgment and sentences affirmed.

BERMAN and KELLY, JJ., concur.