Rosanne Marie (Brock) DITTMAR,
Plaintiff–Appellant,

v.

JOE DICKERSON & ASSOCIATES, LLC,
a Colorado limited liability corporation,
and Joe H. Dickerson, individually, De-
fendants–Appellees.

No. 98CA1228.

Colorado Court of Appeals,
Div. III.

Dec. 23, 1999.

Certiorari Granted Sept. 5, 2000.

Richard J. Lesch, Denver, Colorado, for
Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers,
P.C., Michael B. Sullivan, Susan M. Stamm,
Englewood, Colorado, for Defendants–Appel-
lees.

Opinion by Judge MARQUEZ.

In this action for invasion of privacy for appropriation of her likeness and name, plaintiff, Rosanne Marie (Brock) Dittmar, appeals a summary judgment entered in favor of defendants, Joe Dickerson and Associates, LLC and Joe H. Dickerson. We reverse and remand for further proceedings.

The following facts are undisputed. Defendants were hired to investigate plaintiff in a child custody dispute. During the course of their investigation, defendants inquired into the circumstances under which plaintiff came to possess bearer bonds and reported the results of this investigation to law enforcement authorities. Plaintiff was later charged and found guilty by a jury of theft of $15,000 or more.

Subsequently, defendants published an article concerning plaintiff's conviction in their newsletter entitled "The Dickerson Report," which publishes articles concerning financial fraud investigations. The article included plaintiff's name and photograph and described defendants' role in the investigation that culminated in plaintiff's conviction.

Plaintiff then filed this action alleging, among other claims, that defendants had maliciously appropriated her picture and her name for no other reason than to promote their commercial advantage without her express or implied consent, which resulted in an invasion of her right to privacy. The trial court granted defendants' motion for summary judgment.

Plaintiff contends that the essence of a claim under the Restatement (Second) of Torts § 652C (1977) is whether the defendant appropriates her name or likeness for his or her own commercial gain, and not whether the plaintiff is portrayed in a positive or negative light. In particular, she asserts that the newsletter is an "infomercial" designed to promote defendants' private investigation firm and to attract business for the firm. We conclude that there are genuine issues of material fact which make summary judgment inappropriate.

We review orders granting summary judgment de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,
901 P.2d 1251 (Colo.1995). Summary judgment is a drastic remedy and should only be granted if there is a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Compass Insurance Co. v. City of Littleton, 984 P.2d 606 (Colo.1999).

Restatement (Second) of Torts § 652C provides that "one who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."

While Colorado appellate courts have not addressed § 652C, Colorado law does recognize that an individual may be compensated by damages for an invasion of his or her right to privacy. Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970).

The supreme court has noted that a majority of jurisdictions recognize that the right of privacy may be invaded in four different ways: 1) unreasonable intrusion upon the seclusion of another; 2) appropriation of another's name or likeness; 3) unreasonable publicity given to another's private life; and 4) publicity that unreasonably places another in a false light. Ozer v. Borquez, 940 P.2d 371 (Colo.1997) (recognizing tort claim for invasion of privacy in the nature of unreasonable publicity given to one's private life and citing Restatement (Second) of Torts § 652D). More recently, a division of this court recognized a claim of invasion of privacy by intrusion upon one's seclusion. See Doe v. High–Tech Institute, Inc., 972 P.2d 1060 (Colo.App.1998).

■ We see no reason why a claim for appropriation of another's name or likeness should not be recognized in Colorado.

■ In order for liability to exist, the defendant must have appropriated to his or her own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness. See Restatement (Second) of Torts § 652C comment c (1977); see also Matthews v. Wozencraft, 15 F.3d 432 (5th Cir.1994); Henley v. Dillard Department Stores, 46 F.Supp.2d 587 (N.D.Tex.1999); Tellado v. Time–Life Books, Inc., 643 F.Supp. 904 (D.N.J.1986); Staruski v. Continental Tele-

*phone Co.,* 154 Vt. 568, 581 A.2d 266 (1990); W. Prosser, Torts § 117 (5th ed.1984).

Restatement (Second) of Torts § 652C comment b (1977) provides that the common form of invasion of privacy under the rule is the appropriation and use of plaintiff's name or likeness to advertise the defendant's business or product, or for some similar commercial purpose. It also applies when the defendant makes use of the plaintiff's name or likeness for defendant's own purposes and benefit, even though the use is not a commercial one, and even though the benefit sought to be obtained is not a pecuniary one.

However, Restatement Second of Torts § 652C comment d (1977) provides in part:

No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded. The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness.

■ Generally, this tort is not applicable when a person's name or picture is used to illustrate a non-commercial, newsworthy article. *Ault v. Hustler Magazine, Inc.,* 860 F.2d 877 (9th Cir.1988); *see Matthews v. Wozencraft, supra* (a name cannot be appropriated by reference to it in connection with the legitimate mention of public activities). Nor can a plaintiff recover if use of the name or likeness is merely incidental. *See Matthews v. Wozencraft, supra; Reeves v. Fox Television Network,* 983 F.Supp. 703 (N.D.Ohio 1997); *Pearce v. E.F. Hutton Group, Inc.,* 664 F.Supp. 1490 (D.C.1987); *Vinci v. American Can Co.,* 69 Ohio App.3d 727, 591 N.E.2d 793 (1990); *Cox v. Hatch,* 761 P.2d 556 (Utah 1988).

Here, in rejecting plaintiff's claim, the trial court ruled that the purpose of the article was to inform the readers of defendants' role in uncovering criminal activity. It further determined that there was no evidence that plaintiff's name or likeness was published to take advantage of any value associated with her for the purpose of publicity, and that she had presented no evidence that her name or likeness had any value. It noted that she had argued that "her picture and name are of no additional value to the article."

We conclude, however, that there are genuine issues of material fact with respect to the purpose of the publication and whether there was some benefit or advantage to defendant. Whether the purpose was simply newsworthy or incidental are related issues of fact.

■ Use is not merely incidental when its purpose is to advertise defendant's product. *Ainsworth v. Century Supply Co.,* 295 Ill. App.3d 644, 230 Ill.Dec. 381, 693 N.E.2d 510 (1998) (use of video of plaintiff laying ceramic tile); *Canessa v. J.I. Kislak, Inc.,* 97 N.J.Super. 327, 235 A.2d 62 (1967) (article of family seeking home publicized with defendant's trademark); *Staruski v. Continental Telephone Co., supra* (employer ran photo of plaintiff without her consent and attributed company's advertising copy to her).

■ The fame of a person whose identity is appropriated is not a prerequisite to recovery for invasion of privacy. *See Staruski v. Continental Telephone Co., supra.*

■ Nor is it dispositive that plaintiff's conviction is a matter of public record, her photo was taken in a public place, and articles regarding the trial were published in a local newspaper. Here, the information was included in a commercial publication allegedly intended to promote defendant's commercial interests. While some cases in Colorado have indicated that disclosure of facts that are already public will not support a claim for invasion of privacy, *see Ozer v. Borquez, supra; Lindemuth v. Jefferson County School District,* 765 P.2d 1057 (Colo.App. 1988) (privacy claim dismissed since plaintiff's criminal records were public); *Lincoln v. Denver Post,* 31 Colo.App. 283, 501 P.2d 152 (1972) (right of privacy ceased to exist when plaintiff became a criminal defendant), those cases did not involve claims for appro-

priation of another's name or likeness. *But see Matthews v. Wozencraft, supra.*

 In the present case, the article appeared on the first page of the publication, identified plaintiff by name, and included her picture with her name underneath. The top of the page is headed, "The Dickerson Report," "Judgment Enforcement Financial Investigation Litigation Management" and includes defendants' address, telephone numbers, and e-mail address. To the left of the article are the name "Joe H. Dickerson" as well as descriptions of Mr. Dickerson's titles as a certified fraud examiner, certified financial investigator, and certified environmental investigator, and a detailed list of defendants' areas of practice. The article is captioned "Fraud DuJour–Five Cases, 100%+ Recovery." Under case # 1, the article sets forth the facts of plaintiff's case and describes defendants' role in investigative efforts concerning plaintiff, culminating in court ordered restitution to the estate of the victim for the full amount of the theft.

The summary judgment material indicates that 2,600 copies of the report are mailed to attorneys, members of financial institutions, fellow investigators, regulators, members of the National Association of Certified Investigators, and others. It is undisputed that plaintiff can be identified and that the use of her name and photograph was without her consent.

By contrast, other articles in that same publication simply state "Our Vail, Colorado client," "[t]his client," or "[a] long time client," and have no names or pictures associated with the articles.

Under these circumstances, there remain genuine issues of material fact including the purpose of the publication, whether defendants derived any benefit, and whether plaintiff was harmed.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

Judge JONES and Judge CASEBOLT concur.